STATE OF OHIO, SHELBY COUNTY SS
I, Michele K. Mumford, Clerk of the Common Pleas Court, do hereby certify that the foregoing to be a full, true and correct copy of the original as the same appears on file in my office.
MICHELE K. MUMFORD CLERK
By_____
        Deputy

COMMON PLEAS COURT
MICHELE K. MUMFORD
SHELBY COUNTY CLERK
22CV000082

FILED 04/25/2022 10:01 AM

## IN THE COMMON PLEAS COURT OF SHELBY COUNTY, OHIO

| | | |
|---|---|---|
| **CYNTHIA MIKOLAJEWSKI** | * | **Case No:** |
| **EDWARD MIKOLAKEWSKI** | | |
| 1655 Stockham Drive | * | |
| Piqua, OH 45356 | | |
| Plaintiffs, | * | COMPLAINT FOR PERSONAL INJURY |
| | | AND MONETARY DAMAGES WITH |
| v. | * | JURY DEMAND ENDORSED HEREON |
| | | |
| **MENARD, INC.** | * | |
| c/o Statutory Agent | | |
| Corporation Service Company | * | |
| 50 West Broad Street | | |
| Suite 1330 | * | |
| Columbus, OH 43215 | | |
| | * | |
| Defendant. | | |

### PARTIES

1.  Defendant Menard, Inc. is a Wisconsin corporation or other business entity duly authorized to do business and actually doing business in Shelby County and the State of Ohio.

2.  At all times relevant hereto, Defendant Menard, Inc. operated a home improvements store located at 401 Lester Avenue, in Shelby County, Ohio.

3.  On or about May 7, 2020, Plaintiff Cynthia Mikolajewski was a business invitee of Defendant Menard, Inc., and went to the above-described home improvements store located at 401 Lester Avenue, in Shelby County, Ohio.

4  At the above time and place, there was an unreasonably dangerous condition located on said business premises of which Defendant Menard, Inc. acting through its employees, created, had knowledge of and failed to remedy or warn Plaintiff Cynthia Mikolajewski of its existence, to wit:

a clear fluid on the floor in the aisle where Plaintiff Cynthia Mikolajewski was walking while shopping in the store. The fluid on said floor was located in an area where defendant knew or should have known that its customers would be walking and shopping. The clear fluid on the floor created a slip and fall hazard that was unreasonably dangerous. The clear fluid on the floor was not reasonably detectable to a business invitee using ordinary care and created an unreasonable risk of bodily injury to business invitees traversing that area of Defendant's Menard, Inc's store.

5. On May 7, 2020, Defendant Menard, Inc., was negligent in that (1) the Defendant through its officers or employees was responsible for the hazard complained of in paragraph 4 above"; and/or (2) At least one of the Defendant's officers or employees had actual knowledge of the hazard represented by the clear fluid on the floor and neglected to give adequate notice of the presence of the clear fluid on the floor or remove it promptly; and/or (3) the danger represented by the clear fluid on the floor had existed for a sufficient length of time reasonable to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

6. As a direct and proximate result of the negligence of the Defendant, Plaintiff Cynthia Mikolajewski stepped upon the clear fluid on the floor and fell to the floor striking her left hand, hip, and leg.

7. As a direct and proximate result of the negligence of the Defendant, Plaintiff Cynthia Mikolajewski sustained severe injuries including, but not limited to, injuries to left hand, left leg, and left hip, as well as pain of mind and of body and was otherwise injured. The injuries to Plaintiff Cynthia Mikolajewski's were so severe that she has had to undergo numerous surgeries and physical therapy. The injuries to Plaintiff Cynthia Mikolajewski are permanent and continuing.

8. As a direct and proximate result of the negligence of the Defendant, Plaintiff Cynthia Mikolajewski has incurred hospital and medical expense and it is reasonably certain that she will incur further such expense in the future.

9. As a direct and proximate result of the negligence of the Defendant, Plaintiff Cynthia Mikolajewski has suffered economic loss and will suffer additional economic loss in the future.

## COUNT TWO

10. Plaintiffs restate the statements and allegations contained in Paragraphs 1 through 9 above as if fully rewritten herein.

11. At all times relevant hereto, Plaintiff Cynthia Mikolajewski and Plaintiff Edward Mikolakewski were husband and wife.

12. As a direct and proximate result of the negligence of Defendant, Edward Mikolajewski has suffered a loss of the society, services and companionship of his wife, Cynthia Mikolajewski.

WHEREFORE, Plaintiff Cynthia Mikolajewski on Count One, demands judgment in her favor and against Defendant Menard, Inc. in an amount in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00) as will reasonably compensate her for her damages suffered as set forth above.

Plaintiff Edward Mikolajewski demands judgment in his favor and against Defendant Menard, Inc. in an amount in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00) as will fully and fairly compensate it for the damages suffered.

Plaintiffs further demand against Defendant an award of costs, interest, and any and all further relief to which they may be entitled at law or in equity.

Respectfully submitted,

/s/ James D. Brookshire (#0056200)
DUNGAN & LeFEVRE CO., LPA
210 West Main Street
Troy, Ohio 45373
Phone: (937) 339-0511
Fax: (937) 335-4084
Email: jamesb@dunganattorney.com
*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a jury trial on all issues presented in this Complaint which are triable by jury.

/s/ James D. Brookshire (#0056200)